IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AARON ANTHONY FLEMONS                                                   PETITIONER
ADC #119749

v.                              5:18cv00129-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Aaron Anthony Flemons filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging his constitutional rights were violated by prison officials through an unlawful disciplinary conviction. (Doc. No. 2 at 9-14.) After carefully reviewing the pleadings in this matter, I recommend the Petition be DISMISSED.

### II.   FACTS

On December 28, 2017, prison officials of the East Arkansas (Maximum Security) Regional Unit charged Mr. Flemons with multiple rule infractions. (*Id.* at 9.) In prosecuting these infractions, Mr. Flemons says he "was not timely brought before the Disciplinary Hearing Officer [and] was denied due process by virtue of [officials] fabricating a story and waiving [his right to attend his hearing] on January 10, 2018." (*Id.*) Mr. Flemons was convicted of two of the charges and sentenced to "reduction to class 4, 30 days punitive isolation (segregation), 60 days loss of commissary phone and visitation privileges, one (1) day good time. . ." (*Id.* at 10.) Mr. Flemons says he was "convicted and sentenced in violation of his due process rights and rights to be free from cruel and unusual punishment." (*Id.*)

**III.    ANALYSIS**

The only constitutionally cognizable issue Mr. Flemons raised in his Petition is with regard to the loss of his "good time" credit.  The United States Supreme Court's holding in *Wolff v. McDonnell*, 418 U.S. 539 (1972), frames the minimum constitutional requirements for a prison disciplinary procedure that might result in the loss of good-time credits.  An inmate involved in the prison disciplinary process is entitled to three things:  "(1) advance written notice of the disciplinary charges; (2) an opportunity, consistent with correctional goals and safety, to call witnesses and present a defense; and (3) a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action."  *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007); *see also Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Wolff*, 418 U.S. at 563-67.

In accordance with *Wolff*, Mr. Flemons was indeed entitled to be present at his disciplinary hearing.  However, Respondent has provided proof that the disciplinary conviction was reversed and his "good time" was restored.  Respondent has provided the declaration of Charonda Rushing who serves as the Record Coordinator at Centralized Records for the Arkansas Department of Correction.  (Doc. No. 12-1.)  Ms. Rushing states, "The voiding of Mr. Flemons's disciplinary resulted in the restoration of the one day of 'good time' credit that had been taken as a result of that adjudication."  (*Id.* at 1.)  With the reversal of the challenged disciplinary conviction and the restoration of his "good time," I find no constitutional issue in controversy here and the Petition should be dismissed on this basis alone.

The other punishments imposed do not at all implicate the Due Process Clause of the Constitution.  In *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), the Court substantially narrowed the due process protections required by *Wolff* and *Hill* by holding they apply only if the prisoner has a liberty interest at stake in the disciplinary proceedings.  So, except for the loss of "good time"

credit, the punishments imposed here do not amount to "atypical and significant" hardship when compared to the burdens of ordinary prison life.  *Sandin* at 484.  Thus Petitioner's reduction in class, days in punitive isolation, and loss of commissary, phone, and visitation privileges do not give rise to any liberty interest.  *See, e.g.*, *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (quoting *Sandin*, 515 U.S. at 484); *Sanders v. Norris*, 153 Fed. App'x 403, at 1 (8th Cir. 2005) (per curiam); and *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002).

Mr. Flemon's "good time" was restored so no constitutional issue remains in controversy. And the other punishments he received – even if still applied – simply do not amount to "atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin* 515 U.S. at 484.  While losing any privilege is surely a hardship to a prisoner, under the law, these conditions do not amount to atypical and significant hardships and do not invoke constitutional due process protections.  Therefore, Plaintiff's Petition should be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, courts must determine whether to issue a certificate of appealability in the final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  I find no issue on which Mr. Flemons has made a substantial showing of a denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Flemons's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2. A certificate of appealability should not be issued.

DATED this 1st day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE